David S. GRADELESS, Petitioner–
Appellant,

v.

John DEUTH, Respondent–Appellee.

No. 01–1054.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 19, 2001.*

Decided Nov. 20, 2001.

Rehearing and Rehearing En Banc
Denied Feb. 7, 2002.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

David Gradeless filed a petition for a writ of habeas corpus, arguing that he was denied due process of law in a prison disciplinary hearing. The district court denied Gradeless' petition. We affirm.

On May 28, 2000, Gradeless, a state inmate in Indiana, went to his prison's Offender Service Building (OSB) to get ibuprofen for a broken finger. On his return to his dormitory from the OSB, Gradeless passed through the prison's outdoor recreational area. As Gradeless entered the dormitory, Sergeant Sheridan, a correctional officer, asked Gradeless where he had been. Gradeless explained that he had been at the OSB, but Sheridan wrote in a "Report of Conduct" that he had seen Gradeless "out at rec[reation]" when he was supposed to be in the dormitory.

Based on Sheridan's report, Gradeless was charged with "being in an unauthorized area" in violation of the prison's disciplinary code. Gradeless pleaded not guilty to the charge and attended a disciplinary hearing before the prison's Conduct Adjustment Board (CAB). At the hearing Gradeless explained that he passed through the recreation area on his path from the OSB. Gradeless also contends that at the hearing he requested the OSB's logbook on the assumption that it would prove he had been there. The record of the hearing, however, indicates no such request. Regardless, the OSB logbook was not presented at the hearing.

After hearing Gradeless' story and reviewing Sheridan's report, the CAB found Gradeless guilty of being in an unauthorized area. According to its written findings, the CAB credited Sheridan's report as "true and factual." The CAB sanctioned Gradeless with a written reprimand and a revocation of 60 days of earned good-time.

Gradeless appealed the CAB's decision to prison superintendent John VanNatta, who affirmed it. While acknowledging that Gradeless had been at the OSB, VanNatta stated that Gradeless had violated prison rules by stopping at recreation on his return to his dormitory. Gradeless appealed to the final reviewing authority of the Indiana Department of Corrections, which also affirmed the CAB's decision. Gradeless then turned to the district court.

On appeal Gradeless first contends that the CAB violated his due process rights by judging him guilty of a disciplinary infraction and depriving him of earned good-time without sufficient evidence. Indiana prisoners possess a liberty interest in earned good-time, which thus cannot be revoked without due process of law. *See McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). The process due in a prison discipline setting is: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [the prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Furthermore the decision to revoke good-time credits need only be supported by "some evidence," meaning that it should not be arbitrary. *Id.* at 455–56, 105 S.Ct. 2768. Even a brief disciplinary report may provide sufficient evidence for the decision of a disciplinary board to survive a challenge. *See McPherson*, 188 F.3d at 785–86. In this case a report by a correctional officer noted that Gradeless was "out at recreation" without authorization, providing "some evidence" of an infraction. Although Gradeless faults the CAB for relying on the

disciplinary report instead of his alternative explanation, it was not for the district court or for us now to question the CAB's decision to accept the correctional officer's version of the facts. *See id.*

■ Gradeless also argues that the CAB denied him due process by refusing to give him access to the OSB's logbook to demonstrate that there was not enough time for him to linger at recreation between signing out of the OSB and entering his dormitory. Gradeless states that he requested the logbook at the hearing, although there is no record of his request. Even if Gradeless did request the logbook, however, his request was untimely. Inmates have a limited right to present documentary evidence at a disciplinary hearing, but a request for documents made during the hearing is too late to be timely. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 n. 2 (7th Cir.1992). The CAB therefore would have been justified in denying the request. *See id.*

We are not persuaded otherwise by Gradeless' contention that the prison's "Notice of Disciplinary Hearing" was deficient because it provided space to list expected witnesses but not to list requested documents. Gradeless argues that he therefore did not know that he should request the logbook before his hearing. But the notice did inform Gradeless of his right to present documentary evidence. He thus had enough information to make a timely request for the logbook, but did not do so.

For the foregoing reasons, the judgment of the district court is AFFIRMED.